IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VANTWAIN L. STOKES, # 213129, ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> SCARLOTTE ROBINSON, et al., ) <br> ) <br>    Respondents. ) | Civil Action No. <br> 1:20-cv-04-ECM-SMD <br> (WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the Court on state prisoner Vantwain L. Stokes's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Stokes challenges his 2016 Alabama conviction for trafficking in marijuana and his resulting life sentence. Doc. 1.[1] Respondents argue that Stokes's petition is time-barred under the AEDPA's one-year statute of limitations. For the reasons that follow, the Court agrees and recommends that Stokes's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.     BACKGROUND**

    **A.     State Court Proceedings**

        **1.     Conviction and Direct Appeal**

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

On January 26, 2016, a Henry County jury found Stokes guilty of trafficking in marijuana, a violation of ALA. CODE § 13A-12-231(1). Doc. 12-2 at 136. On March 4, 2016, the trial court sentenced Stokes as a habitual felony offender to life imprisonment. *Id*. at 152.

Stokes appealed, arguing that the trial court erred by denying his motion for judgment of acquittal because "the State failed to present sufficient evidence showing that he was knowingly in constructive possession of the drugs found during the search of the vehicle he was traveling in." Doc. 12-3. On December 9, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Stokes's conviction and sentence. Doc. 12-4. Stokes applied for rehearing, which was overruled on January 6, 2017. Docs. 12-5 and 12-6. Stokes then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 10, 2017. Docs. 12-8 and 12-9. A certificate of judgment was issued on that date. Doc. 12-7.

## 2. Alabama Rule 32 Petition

On January 18, 2018, Stokes filed a pro se petition in the trial court seeking postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 12-10 at 10–33. In his Rule 32 petition, Stokes claimed that (1) his arrest was unlawful; (2)

---

[2] For the filing dates of Stokes's Rule 32 petition this Court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

the search of the vehicle he was driving was unlawful; and (3) his trial counsel was ineffective for not moving to suppress the marijuana evidence. On May 1, 2018, the trial court entered an order denying Stokes's Rule 32 petition. Doc. 12-10 at 52.

Stokes appealed, pursuing two of the three claims raised in his Rule 32 petition. Doc. 12-12. On October 15, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Stokes's Rule 32 petition. Doc. 12-14. Stokes applied for rehearing, which was overruled on November 30, 2018. Docs. 12-15 and 12-16. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on January 4, 2019. Docs. 12-17 and 12-18. On that date, a certificate of judgment was issued in the Rule 32 appeal. Doc. 12-19.

**B.      Stokes's § 2254 Petition**

On January 2, 2020, Stokes, through counsel, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. In his petition, Stokes asserts that (1) the police violated his Fourth Amendment rights when they opened the back-passenger door of his vehicle without probable cause; (2) his trial counsel was ineffective for failing to challenge the State's evidence in a motion to suppress; (3) the trial court accepted the State's argument that Stokes was in constructive possession of the marijuana without sufficient evidence or meeting the requirements of Alabama law. Doc. 1 at 3–7.

Respondents argue that Stokes's § 2254 petition is time-barred under the AEDPA's one-year statute of limitations and therefore he is not entitled to habeas review of his claims. Doc. 11.

## II. ANALYSIS

### A. AEDPA's One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Discussion of Timeliness of Stokes's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Stokes sought certiorari review with the Alabama Supreme Court in the direct-review proceedings, the AEDPA's limitation period began to run 90 days after the certificate of judgment was issued in those proceedings on March 10, 2017. *See Pugh*, 465 F.3d at 1299. Thus, for Stokes, the AEDPA's statute of limitations began to run on June 8, 2017. Without tolling, the AEDPA's limitation period would have expired on June 8, 2018. However, as next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA's filing deadline beyond that date.

### 1. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the AEDPA's limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. On January 18, 2018—when 224 days of the limitation period[3] had run—Stokes filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled the AEDPA's limitation period. The state court proceedings on Stokes's Rule 32 petition concluded on January 4, 2019—the date on which a certificate of judgment issued in the Rule 32 appeal. With the conclusion of the Rule 32 proceedings, the AEDPA's

---

[3] From June 8, 2017 to January 18, 2018.

statute of limitations began to run again, with 141 days (365 days - 224 days) remaining on the federal clock.[4] Thus, with no other tolling events occurring, Stokes had until May 28, 2019,[5] to file a timely § 2254 petition. However, Stokes filed his § 2254 petition on January 2, 2020—219 days after the AEDPA's statute of limitations expired.

The alternative triggering provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Stokes such that the AEDPA's statute of limitations commenced on some date later than June 8, 2017, or (with tolling under § 2244(d)(2)) expired on some date later than May 28, 2019. There is no evidence that an unlawful state action impeded Stokes from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); Stokes presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" *see* § 2244(d)(1)(C); and Stokes submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D).

Here, the AEDPA's statute of limitations expired on May 28, 2019. Stokes filed his § 2254 petition on January 2, 2020. Therefore, his petition was not timely filed in this Court.

---

[4] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

[5] May 28, 2019 was the first business day after May 25, 2019, which was a Saturday. Monday, May 27, 2019, was the Memorial Day federal holiday.

### 2. Equitable Tolling

The AEDPA's limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Stokes argues for equitable tolling in his case by asserting that he was diligent in his efforts to meet all filing requirements in the state courts. Doc. 16 at 4–6. Whether or not Stokes has shown he was diligent in such matters, he does not try to demonstrate that some "extraordinary circumstance" stood in his way to prevent his timely filing of his federal petition. *See Holland*, 560 U.S. at 649. While Stokes appears to suggest that his ignorance of the law regarding the AEDPA's statute of limitations was an extraordinary circumstance warranting equitable tolling, courts do not accept "a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*,

7

416 F.3d 1319, 1323 (11th Cir. 2005)). *See, e.g., Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) (citations omitted) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.'. . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *Burton v. Deloach*, 2008 WL 2131398, *4 (M.D. Ala. Mar. 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.").

Stokes fails to meet his burden of establishing his entitlement to equitable tolling. Because he is not entitled to equitable tolling, his § 2254 petition is time-barred under the AEDPA's statute of limitations, and his claims for habeas relief are subject to no further review.

### III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Stokes's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the statute of limitations in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation by **August 2, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 19th day of July, 2022.

                               /s/ Stephen M. Doyle
                               STEPHEN M. DOYLE
                               CHIEF U.S. MAGISTRATE JUDGE